FILED

2019 Mar-06  PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD S. BYRD,** | * | |
| | * | |
| **Plaintiff,** | * | **Case No.:** |
| | * | |
| **v.** | * | |
| | * | |
| **FORD MOTOR COMPANY; et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 removes this action from the Circuit Court of Lauderdale County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division. As grounds thereto, Ford shows unto the Court as follows:

## BACKGROUND OF THIS ACTION

1.      This civil action was filed on January 29, 2019, served on Defendant Ford on February 4, 2019, and is now pending in the Circuit Court of Lauderdale County, Alabama. A complete copy of the Complaint along with all State Court pleadings are attached hereto as Exhibit "A" and are incorporated herein by reference. This case is being removed within one year of the commencement of this action and within thirty (30) days of service of the Complaint.

1

2.      According to the Complaint, Plaintiff Richard Byrd purchased a 2014 Ford F-250, VIN 1F7W2BT7EEA51389, (the "subject vehicle") from Long-Lewis of the Shoals on October 17, 2013. (*See* Compl. at ¶ 4.) Plaintiff alleges the purchase price was "approximately $59,225.02." (Compl. at ¶ 6.)

3.      Plaintiff alleges that Ford engaged in a "scheme" whereby it marketed its F-250 and F-350 models which were equipped with a 6.7 liter Power Stroke diesel engine as "environmentally-friendly trucks that combined high fuel efficiency and performance with very low emissions" (Compl. at ¶ 8) but "lied to both consumers and regulators because in real world use the diesel engines emitted Nitrogen Oxide (NOX) and other pollutants in excess lawful amounts (Compl. at ¶ 9.)   Plaintiff further alleges that "[a]s part of the fraud and scheme, Ford charged a premium price for vehicles equipped with "Power Stroke" engine.  (Compl. at ¶ 11.)

4.      Plaintiff further alleges that Ford engaged in a "pattern and practice" in that it "successfully marketed and sold tens of thousands of these premium priced vehicles as 'clean.'" (Compl. at ¶ 16.)  "In doing so," Plaintiff continues, "Ford purposefully and intentionally breached air pollution laws and regulations by manufacturing and selling in the United States vehicles that made use of 'defeat devices,' which included software designed to 'cheat' during emissions tests making it appear the vehicles achieved low emissions levels." (Compl. at ¶ 16.)

5.     Plaintiff further alleges that the subject vehicle contained "defects . . . which render the vehicle unsafe and less valuable." (Compl. at ¶ 39.)

6.     Plaintiff claims there are "other numerous defects" relative to the subject vehicle which are not listed in his Complaint. (Compl. at ¶ 40.)

7.     Plaintiff asserts claims for fraud (Count 1), fraud in the inducement (Count 2), breach of express warranty (Count 3), breach of implied warranty (Count 4) and violation of the Magunson-Moss Warranty Act ("MMWA") (Count 5). (*See generally* Compl.)

8.     Plaintiff alleges his damages include "compensatory and consequential damages" related to "loss of money," "mental anguish," and "embarrassment." (Compl. at ¶ 17, 25, 35.)

9.     Plaintiff also claims he is entitled to recover punitive damages from Ford based on what he characterizes as the "intentional or gross and reckless nature of the fraud." (Compl. at ¶ 32.)

## THE PLAINTIFF

10.     According to the Complaint, Plaintiff Richard Byrd was a Citizen of Lauderdale County, Alabama at the time of the commencement of this action. (Compl. at ¶ 1.)

## THE REMOVING DEFENDANT

11.    At all times referred to in the Complaint, including the date of filing of the Complaint, Defendant Ford was a foreign corporation incorporated in Delaware with its principal place of business in Michigan.  There are no other individuals or entities identified as defendants in Plaintiff's Complaint other than fictitiously.[1]

## GROUNDS FOR REMOVAL

12.    This case is being removed pursuant to 28 U.S.C. § 1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332.

13.    This Notice of Removal is timely filed because it is being submitted within thirty days of service of the summons and complaint and well within one year from the date of commencement of the action pursuant to 28 U.S.C. § 1446(b)(1).

14.    For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Sunseri v. Macro Cellular Partners*, 412 F. 3d 1247, 1249 (11th Cir. 2005).  "[D]omicile is established by physical presence in connection with a certain state of mind concerning one's intent to remain there."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Sunseri*, 412 F. 3d at 1249 ("A person's domicile is the place of his 'true, fixed, and permanent home and

---

[1] Pursuant to 28 U.S.C. § 1441(b), "[t]he citizenship of defendants sued under fictitious names shall be disregarded" when considering removal based on diversity jurisdiction.

principal establishment, and to which he has the intention of returning whenever he is absent therefrom."). Here, Plaintiff is a citizen of Lauderdale County, Alabama because that is where he is domiciled. (Compl. at ¶ 1.)

15.    A corporation is deemed a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Ford is a Delaware corporation with its principal place of business located in the State of Michigan. Ford, therefore, is a citizen of Delaware and Michigan for purposes of determining diversity.

16.    Therefore, there is complete diversity of citizenship among the parties.

17.    Further, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18.    Initially, it is well established in this Circuit that "the removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  In the context of an amount in controversy requirement analysis, it is imperative to consider that in crafting § 1446, "Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) (quoting H. R. Rep. No. 100-889, p. 71). As a result, "a

defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

19.   Further, where there is no *ad damnum* clause, or other specific information related to the amount of damages sought, "the court is allowed reasonable deductions and extrapolations" when evaluating whether the jurisdictional requirement is met. *See, e.g.*, *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable . . . ."). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 1061.

20.   A plain reading of the Complaint here, applying reasonable deductions, extrapolations, and common sense, leads to no other conclusion than the amount in controversy requirement is met. Plaintiff's Complaint alleges claims of fraud, fraud in the inducement, breach of express and implied warranties, and alleged violation of the MMWA. Plaintiff seeks compensatory and punitive damages, including for loss of money, mental anguish, embarrassment, as well as "whatever further and different legal . . . relief to which the Plaintiff may be entitled . . . ." (Comp. at ¶ 32).

21.    As with other claimed damages, "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). As the Northern District has held, "the moment a state court plaintiff seeks unspecified damages of various kinds, such as *punitive damages, or emotional distress,* or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 16675, at *2 (N.D. Ala. Feb. 7, 2013) (emphasis added); *see also Tucker v. Northbrook Indem. Co.*, 2013 U.S. Dist. LEXIS 159545, at *3 (N.D. Ala. Nov. 7, 2013) (finding it "virtually impossible to demonstrate" that punitive damages allegations are not asking for recovery beyond $75,000.00); *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, *such as punitive damages and emotional distress*, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more . . . [o]therwise a plaintiff will find herself in a federal court") (emphasis added).[2]

---

[2] While Plaintiff has attempted to obfuscate the issues and hinder removal of this case by disclaiming entitlement to more than $49,000 as to his MMWA claims in an effort to defeat that Act's $50,000 jurisdictional threshold, Ford's removal of this case is based on diversity jurisdiction

22.    Plaintiff's claim for punitive damages alone is sufficient to satisfy the amount-in-controversy requirement.  The Middle District of Alabama has held that "[a]ny award that is soundly and honestly calculated to punish and deter [a large corporation's] wanton behavior . . . would have to be substantial." *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009).  As such, the Middle District has held, in an opinion affirmed by the Eleventh Circuit, that where a claim for an unspecified amount of punitive damages is alleged against a large corporate defendant, it is not speculative that the case meets the amount-in-controversy requirement. *Id.* (*aff'd* 613 F.3d 1058 (11th Cir. 2010)).  In this case, Plaintiff alleges that Ford engaged in a "scheme" and "pattern and practice" of "intentional or gross and reckless" fraud toward him and others. (Compl. at ¶ 32).[3] As a result, it is not speculative that the case meets the amount in controversy requirement based solely on his claim for punitive damages.

---

and is appropriate because the amount in controversy of Plaintiff's state law breach of warranty and fraud claims, which include punitive damages and mental anguish damages, exceeds $75,000.

[3] Even disregarding Plaintiff's claims for mental anguish in this case, if only the price of the vehicle is considered, any punitive damage award related to this action would be sufficient to meet the amount-in-controversy threshold.  Plaintiff alleges that the cost of the vehicle was approximately $60,000 (Compl. at ¶ 6.) This Court has held that the amount in controversy requirement had been met because, in part, "a punitive damage award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum." *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009).

23.     Further, the Eleventh Circuit has repeatedly looked to the Fifth Circuit for persuasive authority in this area of the law because Eleventh Circuit "precedent is relatively sparse in this area," while the Fifth Circuit frequently addresses this issue. *See Roe*, 613 F.3d 1058, 1062.  Courts in the Fifth Circuit "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citations omitted).

24.     Thus, Plaintiff's claim for punitive damages, alone, is sufficient for this Court to determine that the Plaintiff's allegations exceed the jurisdictional minimum, particularly in light of the net worth of the corporate defendant. *See infra*, ¶ 13-14. Nonetheless, Plaintiff's claim for compensatory damages further bolsters the reasonable inference that his claims exceed the jurisdictional minimum.  Taking into account Plaintiff's allegation that he suffered "monetary loss," "mental anguish," and "embarrassment," using reasonable deductions, reasonable inferences, and common sense, it is more likely than not that Plaintiff's Complaint, particularly in light of the demand for punitive damages, seeks more than $75,000 in damages.

25.     Ford, by virtue of filing this Notice of Removal, does not waive any defenses or objections available to it under the law.

26.     A true and correct copy of this Notice of Removal is being served on counsel for the Plaintiff on this date.

27.  A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Lauderdale County, Alabama on this date.

WHEREFORE, Ford respectfully removes this action from the Circuit Court of Lauderdale County, Alabama to this Honorable Court pursuant to 28 U.S.C. § 1441.

J. Bart Cannon (ASB-8733-E52C)
R. Woods Parker, Jr.
(ASB-1509-D67H)
*Attorneys for Ford Motor Company*

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
bcannon@huielaw.com
wparker@huielaw.com
Telephone - (205) 251-1193
Facsimile - (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify on this the 6th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and/or I have electronically mailed a copy of the foregoing to the following:

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36532
Epunderwood@alalaw.com

_____
Of Counsel